UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                               :
In re VEECO INSTRUMENTS INC.                                   :
SECURITIES LITIGATION                                          :   No. 7:05-MD-01695-CM-GAY
                                                               :
                                                               :
                                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants respectfully submit their proposed jury instructions to be given: at the

commencement of trial (Part I., *infra*), at the close of evidence in the liability phase of the trial

(Part II., *infra*), and at the close of evidence in the damages phase of the trial (Part III., *infra*).

## I.    OPENING INSTRUCTIONS

1.    Ladies and Gentlemen, I want to take a few minutes to tell you something about

your duties as jurors and to give you some instructions. During the trial you will hear me use a

few terms that you may not have heard before. Let me briefly explain some of them to you. The

parties who sue are called the "plaintiffs." The parties being sued are called the "defendants."

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or

"attorney." I will sometimes refer to myself as the "Court." The Defendants in this action are

Veeco Instruments Inc., which I and others will often refer to simply as "Veeco," and three of

Veeco's officers, Edward H. Braun, John F. Rein, Jr., and John P. Kiernan. The three individuals

may sometimes be referred to together as the "Individual Defendants." The Lead Plaintiff in this

action is Steelworkers Pension Trust, who brings this action on behalf of a "class" or group of

purchasers of Veeco stock between April 26, 2004 and February 10, 2005. We will commonly refer to this group of purchasers simply as "Plaintiffs."[1]

2.    By your verdict, you will decide disputed issues of fact. I will decide questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply. It will be your duty to decide from the evidence what the facts are, but you must follow any instructions I give you on the law. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law which I will give to you. That is how you will reach your verdict. In doing so, you must follow that law whether you agree with it or not. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.[2]

3.    Plaintiffs make claims under the federal securities laws that govern the purchase and sale of securities, such as Veeco stock. The claims are based on the Defendants' oral or written statements between April 26, 2004 and February 10, 2005. Plaintiffs allege and must prove that the communications contained materially false or misleading information or failed to disclose material information required to keep the information from being misleading. Defendants deny Plaintiffs' claims in their entirety.[3]

---

[1] O'Malley, et al., *Federal Jury Practice and Instructions*, § 101.01 (5th ed. 2000) (modified) (quoting Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 1.1 (1997)).

[2] *Id.* (modified).

[3] American Bar Association, *Model Jury Instructions: Securities Litigation*, at § 1.01 (modified).

4.      Plaintiffs have the burden of proving their claims against Defendants by a "preponderance of the evidence."  Defendants have the burden of proving any affirmative defenses they may have by a preponderance of the evidence.  "By a preponderance of the evidence" means that you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.  You should base your decision on all of the evidence regardless of which party presented it.[4]

5.      The evidence in the case will consist of the following: (i) the sworn testimony of each witness, regardless of whether Plaintiffs or Defendants called the witness; (ii) all exhibits received into evidence, regardless of whether Plaintiffs or Defendants may have offered the exhibits into evidence; and (iii) any facts that may have been judicially noticed – and by that I mean facts that I, as the judge, have instructed you that you must take as true for purposes of this case – or any facts on which the lawyers for Plaintiffs and Defendants agree.[5]  Because you will be asked to decide the facts of this case, you must pay careful attention to the testimony and evidence presented.  Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses.  During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.[6]

---

[4] *Federal Jury Practice and Instructions*, § 101.41 (5th ed. 2000) (modified).

[5] *Federal Jury Practice and Instructions*, § 101.40 (5th ed. 2000) (modified).

[6] *Federal Jury Practice and Instructions*, § 101.01 (5th ed. 2000).

6.      In deciding the facts of this case, you are not to consider the following as evidence:  statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties, or by one of their lawyers, or by one of the witnesses.[7]

7.      Some evidence may be admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.[8]

8.      When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received into evidence.  If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.  If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been.  In addition, you must not consider evidence that I have ordered stricken from the record.  Objections are not evidence.  Lawyers have a right to object when they believe something is improper.  You should

---

[7] *Federal Jury Practice and Instructions*, § 101.44 (5th ed. 2000) (modified).

[8] *Federal Jury Practice and Instructions*, § 101.45 (5th ed. 2000) (quoting Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 1.4 (1997)).

not infer or conclude from any ruling or other comment I may make regarding an objection that I have any opinions on the merits of the case favoring one side or the other.[9]

     9.    From time to time it may be necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error. Do not consider my granting or denying a request for a conference as an indication of my opinion of the case or of what your verdict should be.[10]

     10.    During the trial, I may sometimes ask a witness questions. Please do not assume that I have any opinion about the subject matter of my questions.[11] I do not permit jurors to ask questions of witnesses or of the lawyers. Please do not interrupt the lawyers during their examination of witnesses. If you are unable to hear a witness or a lawyer, please raise your hand immediately and I will see that this is corrected.[12]

     11.    At the end of the trial you must make your decision based on the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony. You must pay close attention to the testimony as it is given. During this trial, I will permit you to take notes. If you do not take notes, you should not be

---

[9] *Federal Jury Practice and Instructions*, § 101.49 (5th ed. 2000) (quoting Manual of Model Civil Jury Instructions for the District Courts of the Eight Circuit, Instruction No. 1.02 (1999), and Eleventh Circuit Pattern Jury Instructions (Civil Cases), Preliminary Instructions Before Trial (2000)).

[10] *Federal Jury Practice and Instructions*, § 102.02 (5th ed. 2000) (modified).

[11] *Federal Jury Practice and Instructions*, § 101.30 (5th ed. 2000).

[12] *Federal Jury Practice and Instructions*, § 101.16 (5th ed. 2000).

influenced by the notes of another juror, but should rely upon your own recollection of the evidence. If you do take notes, do not let note-taking distract you so that you do not hear other answers by the witness. When you leave at night, your notes will be secured and not read by anyone. Your notes are only a tool to aid your own individual memory and you should not compare your notes with those of the other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your most important tool when it comes time to deciding this case.[13]

     12.     To ensure fairness, you must obey the following rules. (1) Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict. (2) Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case. (3) Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended. If someone should try to talk to you about the case during the trial, please report it to me immediately. (4) During the trial you should talk with or speak to any of the parties, lawyers or witnesses involved in this case – you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of

---

[13] *Federal Jury Practice and Instructions*, § 101.13 (5th ed. 2000) (modified) (quoting Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit, Instruction No. 1.04 (1999)).

doing justice.  (5) Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.  (6) Do not do any research, such as checking dictionaries, the internet, newspapers or any other sources of data, or make any investigation about the case on your own. (7) Do not make up your mind during the trial about what the verdict should be.  Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.  (8) If you need to tell me something, simply give a signed note to the clerk to give to me.[14]

13.     The case will proceed as follows:  First, the lawyers for each side may make opening statements.  What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.  A party is not required to make an opening statement.  After the opening statements, Plaintiffs' lawyers will present evidence in support of their claims and Defendants' lawyers may cross-examine the witnesses.  At the conclusion of Plaintiffs' case, Defendants' lawyers may introduce evidence and Plaintiffs' lawyers may cross-examine the witnesses.  Defendants are not required to introduce any evidence or to call any witnesses.  After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown.  What is said in the closing arguments is not evidence.  Finally, I will instruct you on the law that you are to apply in reaching your verdict.  You will then decide the case.[15]

---

[14] *Federal Jury Practice and Instructions*, § 101.11 (5th ed. 2000) (modified).

[15] *Federal Jury Practice and Instructions*, § 101.02 (5th ed. 2000).

## II.    INSTRUCTIONS AFTER THE EVIDENTIARY RECORD IS CLOSED.

1.    Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.  A copy of these instructions will be available in the jury room for you to consult if you find it necessary.  Your function as jurors is to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  If there is any difference between the law stated by the lawyers and these instructions, you are governed by my instructions.  You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath promising to do so at the beginning of the case.  In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return.  It is up to you what verdict to return.[16]

2.    You should consider and decide this case as a dispute between persons of equal standing in the community, and of equal value in your eyes.  A corporation such as Veeco is entitled to the same fair trial as a private individual.  All persons, including corporations, stand equal before the law, and are to be treated as equals.[17]

---

[16] *Federal Jury Practice and Instructions*, § 103.01 (5th ed. 2000) (modified) (quoting Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 3.1 (1997)).

[17] *Federal Jury Practice and Instructions*, § 103.12 (5th ed. 2000) (modified).

3.    Although there is more than one Defendant in this action, it does not follow from that fact alone that if one Defendant should be found to be liable to Plaintiffs, all defendants are liable. Each Defendant is entitled to a fair consideration of the evidence relating to himself or itself. None of the Defendants is to be prejudiced should find against any of the other Defendants. Unless otherwise stated, all instructions I give you govern the case as to each Defendant.[18]

4.    The evidence from which you are to decide what the facts are consists of: (i) the sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness; (ii) the exhibits which have been received into evidence; and (iii) any facts which have been judicially noticed, or as to which all the lawyers have agreed or stipulated.[19]

5.    Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you: (i) arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your recollection of the facts controls; (ii) questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.; (iii) testimony that has been excluded or stricken, or that you have been instructed to

---

[18] *Federal Jury Practice and Instructions*, § 103.14 (5th ed. 2000) (modified).

[19] *Federal Jury Practice and Instructions*, § 103.30 (5th ed. 2000) (modified) (quoting Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 3.1 (1997)).

disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it; and (iv) anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.[20]

6.      The law permits me to comment to you on the evidence in this case. You may disregard my comments entirely, since, as jurors, you are the sole judges of the facts and are not bound by my comments or opinions. Although you must follow my instructions about the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in this case.[21]

7.      You may use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not your notes.[22]

8.      Certain charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents that are in evidence in the case. These charts and summaries are not themselves evidence or proof of any facts, but have instead been used only as a matter of convenience by the lawyers for the parties. If any chart or summary that

---

[20] *Id.* (modified).

[21] *Federal Jury Practice and Instructions*, §§ 102.73, 103.33 (5th ed. 2000) (modified).

[22] *Federal Jury Practice and Instructions*, § 103.02 (5th ed. 2000).

has been shown to you does not correctly reflect facts or figures shown by the evidence in the case, you should disregard it entirely in your deliberations.[23]

9.    In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it. In deciding what testimony to believe, you should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying. Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit or reject testimony by a witness. Two or more persons seeing an event may see or hear it differently. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.[24]

10.    You have also heard from "expert" witnesses on behalf of both Plaintiffs and Defendants. An expert witness is a person who, by education and experience, has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be an expert, and may also state their reasons for their opinions. You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. Merely because an expert witness has expressed an opinion does

---

[23] *Federal Jury Practice and Instructions*, § 104.50 (5th ed. 2000) (modified).

[24] *Federal Jury Practice and Instructions*, § 105.01 (modified) (quoting Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit, Instruction No 3.03 (1999)).

not mean that you must accept that opinion.  In deciding whether to accept or rely upon the

opinion of an expert witness, you may consider any bias of the witness, including any bias you

may infer from evidence that the expert witness has been or will be paid for reviewing the case

and testifying or from evidence that he or she testifies regularly as an expert witness and his or

her income from such testimony represents a significant portion of his or her income.  If you

should decide that the opinion of an expert witness is not based upon sufficient education and

experience, or if you should conclude that the reasons given in support of the opinion are not

sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion

entirely.[25]

       11.    A witness may be discredited or impeached by contradictory evidence or by

evidence that at some other time the witness has said or done something, or has failed to say or

do something, that is inconsistent with the witness' present testimony.  If you believe any witness

has been impeached and thus discredited, you may give the testimony of that witness such

credibility, if any, you think it deserves.  If a witness is shown knowingly to have testified falsely

about any material matter, you have a right to distrust such witness' other testimony and you may

reject all the testimony of that witness or give it such credibility as you may think it deserves.

Testimony is "knowingly" false if voluntarily and intentional, and not because of mistake or

accident or other innocent reason.  A simple mistake by a witness does not necessarily mean that

the witness was not telling the truth as he or she remembers it, because people naturally tend to

---

[25] *Federal Jury Practice and Instructions*, § 104.40 (5th ed. 2000) (quoting Pattern Jury Instructions of the District Judges Association of the Fifth Circuit, Civil Cases, Instruction No. 2.19 (1999)).

forget some things or remember other things inaccurately. So if a witness has made an incorrect statement, you need to consider whether that incorrect statement was simply an innocent lapse of memory or an intentional falsehood.[26]

12.     I will now instruct you on the law governing Plaintiffs' claims against Defendants. Plaintiffs claim that each of the Defendants have directly violated Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5. I will refer to this claim as one involving a "primary violation" of Section 10(b). Plaintiffs also claim that each of the Individual Defendants are control persons who can be responsible for the actions of others who violate Section 10(b). I will refer to this claim as one involving a "secondary violation" of Section 10(b).[27]

13.     Section 10(b) of the Securities Exchange Act provides, in pertinent part, as follows: "It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or any facility of any national securities exchange . . . . (b) [t]o use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange] Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors."[28]

---

[26] *Federal Jury Practice and Instructions*, § 105.04 (modified) (quoting Eleventh Circuit Pattern Jury Instructions, Civil Cases, Basic Instruction No. 4.1 (2000)).

[27] American Bar Association, *Model Jury Instructions: Securities Litigation*, at § 4.01 (modified).

[28] 15 U.S.C.A. § 78j(b); *Federal Jury Practice and Instructions*, § 162.220 (modified) (5th ed. 2000).

14.    Rule 10b-5 of the Securities and Exchange Commission has the force of law and provides, in relevant part, as follows: "It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange, . . . (B) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading . . . in connection with the purchase or sale or any security."[29]

15.    The party who makes a claim has the burden of proving it. This burden of proof means that Plaintiffs must prove each element of their claims against each of the Defendants by a preponderance of the evidence. To prove something by the preponderance of the evidence is to prove that it is more likely true than not true. If Plaintiffs have failed to establish any essential element of any of their claims against any Defendant by a preponderance of the evidence, you must find for that Defendant as to that claim. If, on any element of Plaintiffs' claim against any Defendant, the evidence is equally balanced, then Plaintiffs have not proved that claim by a preponderance of the evidence, and you must find for that Defendant as to that claim.[30]

16.    To prove a primary violation under Section 10(b) with respect to each of the Defendants, Plaintiffs must establish, by a preponderance of the evidence, each of the following five elements as to each Defendant: (i) First, that in connection with the purchase or sale of a

---

[29] 17 C.F.R. § 240.10b-5; *Federal Jury Practice and Instructions*, § 162.221 (modified) (5th ed. 2000).

[30] *Federal Jury Practice and Instructions*, § 104.01 (5th ed. 2000) (modified) (quoting Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit, Instruction No. 3.04 (1999)); *Federal Jury Practice and Instructions* § 162.286 (5th ed. 2000) (modified).

security the particular Defendant made an untrue statement of a material fact or failed to state a material fact that was necessary to prevent the statements that were made from being misleading under the circumstances; (ii) Second, that the particular Defendant acted knowingly; (iii) Third, that Plaintiffs justifiably relied on the alleged misrepresentation or omission; (iv) Fourth, that the particular Defendant used an instrumentality of interstate commerce in connection with the purchase or sale of securities to Plaintiffs; and (v) Fifth, that Plaintiffs suffered damages as a direct and proximate result of the particular Defendant's conduct.[31]  This last element, whether Plaintiffs suffered damages, and did so as a direct and proximate result of Defendants' conduct, will be addressed at a later time, if necessary.  I will now discuss each of the remaining elements in turn.

17.    The first element of Plaintiffs' Section 10(b) claim is a material misstatement or omission in connection with the purchase or sale of a security.  Plaintiffs must prove that each of the Defendants made a misrepresentation or omission of material fact in connection with the purchase or sale of a security.  A defendant can be held liable under Section 10(b) only for his or its own misrepresentations or omissions.[32]  A "misrepresentation" is simply a statement that is not true.  A "material" fact is a fact that would be of importance in the decision-making process of a reasonable investor.  A fact stated or omitted is material if there is a substantial likelihood that a reasonable buyer or seller of securities would consider the fact important in deciding whether or not to buy or sell a particular security.  Defendants are not required to disclose facts

---

[31] 15 U.S.C.A. § 78t(a); American Bar Association, *Model Jury Instructions: Securities Litigation*, at § 4.02 (modified).

[32] *In re Philip Servs. Corp. Sec. Litig.*, 383 F.Supp.2d 463, 472 n.5 (S.D.N.Y. 2004).

that are not material. Where a statement is so vague that a reasonable investor would not rely on it, the statement is not material. Predictions, expressions of opinion, and projections, so long as they are not worded as guarantees, are not representations of material facts, and thus do not require revision or amendment, unless the speaker did not have a basis to reasonably believe them. If, at the time the predictions, expressions of opinion, or projections were made, the speaker actually believed them or there was a reasonable basis for making them, then the statements are not materially misleading statements of fact.[33]

18. Statements that can be classified as corporate optimism or puffing are typically forward-looking statements and are not actionable. Forward-looking statements are vague, optimistic statements that are not the kind of statements that reasonable investors rely upon when making investment decisions. A statement is forward-looking if it is any of the following: (1) a statement containing a projection of revenues, income, earnings per share or other financial items; (2) a statement of the plans and objectives of management for future operations; (3) a statement of future economic performance; (4) any statement of the assumptions underlying or relating to any statement described in (1), (2), or (3) above. If you find that any of the alleged

---

[33] *Federal Jury Practice and Instructions*, § 162.231 (5th ed. 2000) (modified) (quoting Eleventh Circuit Pattern Jury Instructions, Civil Cases, Instruction No. 4.2 (2005)); *id.* §§ 162.235, 162.282; American Bar Association, *Model Jury Instructions: Securities Litigation*, at § 4.02[2] (modified); *Basic v. Levinson,* 485 U.S. 224, 231 (1988); *TSC Indus., Inc. v. Northway, Inc.,* 426 U.S. 438, 449 (1976); *Robbins v. Moore Medical Corp.*, 894 F. Supp. 661 (S.D.N.Y. 1995).

misrepresentations are forward-looking, you must conclude that such statements are not material.[34]

19.    In addition, under what is known as the "bespeaks caution doctrine," a misstatement or omission by Defendants should be considered immaterial if accompanying cautionary statements by Defendants render Plaintiffs' reliance on the misstatement or omission unreasonable. The touchstone of the inquiry is not whether isolated statements of Defendants were true, but whether Defendants' representations or omissions, considered together and in context, would affect the total mix of information and thereby mislead a reasonable investor regarding the nature of the securities offered.[35]

20.    In determining whether or not a statement concerning a given material fact was true and accurate, the truth and accuracy must be evaluated on the basis of the circumstances that existed at the time the statement was made. A statement regarding a material fact is not false or misleading merely because subsequent events prove it to have been erroneous.[36] A Section 10(b) claim cannot be proven based on hindsight, as the law does not require Defendants to be able to see into the future.[37]

21.    In considering any statements that Plaintiffs allege Defendants expressed, you must distinguish between statements of fact and statements of opinion. In general,

---

[34] *Rombach v. Chang*, 355 F.3d 164, 174 (2d Cir. 2004); *Grossman v. Novell,* 120 F.3d 1112, 1119-21 (10th Cir. 1997); 15 U.S.C. § 78u-5(i)(1).

[35] *Halperin* v. *eBanker USA.com*, 295 F.3d 352, 354 (2d Cir. 2002).

[36] *Federal Jury Practice and Instructions*, § 162.235 (5th ed. 2000) (modified).

[37] *In re Carter Wallace Sec. Litig.*, 220 F.3d 36, 42 (2d Cir. 2000); *Novak v. Kasaks*, 216 F.3d 300, 309 (2d Cir. 2001).

misrepresentations or omissions must relate to facts that either exist at the time or before the time that the statement is made. Opinions about events that may or may not occur in the future generally do not constitute misrepresentations or omissions because they are not statements of fact. Statements about a company's present or past financial performance or stability are considered expressions of fact. Statements about the prospects for a company's growth are considered expressions of opinion. Plaintiffs may not recover on their Section 10(b) claims based on any Defendant's expression of its opinion, unless they can prove that that Defendant did not believe that the opinion they expressed was true or unless they can show that the opinion was unfounded or that Defendants made the statement recklessly or with the intent to mislead.[38]

      22.    Furthermore, the law does not require that each and every opinion considered or held by officers, directors, or employees employed by a company, such as Veeco, be disclosed in press releases or financial statements. An opinion may have to be disclosed only if it: (i) relates to existing material facts or future prospects; (ii) is fully formed; and (iii) represents the position of the company. A tentative or an initial reaction of one or more individuals not in a dominant position in a company, even if reduced to writing, does not usually represent the fully formed opinion of the company itself. You should consider whether the given thought or expression was rendered with conviction and the importance of the subject matter. You should also consider

---

[38] *Federal Jury Practice and Instructions*, § 162.238 (5th ed. 2000) (modified).

18

whether there were other inconsistent opinions that applied to the same subject, and whether the view once expressed remained the same as of the time formed or expressed.[39]

      23.    The second element of Plaintiffs' Section 10(b) claim is scienter. "Scienter" is simply the Latin word for "knowingly" or "with knowledge." Plaintiffs must therefore prove by a preponderance of the evidence and with respect to each separate Defendant that the Defendant acted "knowingly," meaning that the Defendant had an intent to deceive, manipulate, or defraud.[40] To do so, Plaintiffs must show that each Defendant had actual knowledge that their statements were false or misleading, or that such Defendant made such statements recklessly. To establish recklessness, Plaintiffs must demonstrate that there was a danger of a misstatement that would materially mislead buyers or sellers of Veeco securities, and that this danger was either actually known to the Defendant or was so obvious that the Defendant must have been aware of it. Such recklessness approaches conscious deception.[41] It is not enough for Plaintiffs to show that the Defendant acted accidentally, mistakenly, negligently, or with a lack of due care.[42]

---

[39] *Federal Jury Practice and Instructions*, § 162.236 (5th ed. 2000) (modified); *Robbins v. Morre Medical Corp.*, 894 F. Supp. 661 (S.D.N.Y. 1995).

[40] *Kalnit v. Eichler*, 264 F.3d 131, 138 (2d Cir. 2001); *Federal Jury Practice and Instructions*, § 162.232 (5th ed. 2000) (modified); American Bar Association, *Model Jury Instructions: Securities Litigation*, at § 4.02[4] (modified).

[41] American Bar Association, *Model Jury Instructions: Securities Litigation*, at § 4.02[4][a], [b]; *Rolf v. Blyth, Eastman Dillon & Co.*, 570 F.2d 38, 47 (2d Cir. 1978); *SEC v. Lowy*, 396 F. Supp. 2d 225 (E.D.N.Y. 2003); *McDonald v. Alan Bush Brokerage Co.*, 863 F.2d 809 (11th Cir. 1989); *Federal Jury Practice and Instructions*, § 162.232 (5th ed. 2000) (modified); American Bar Association, *Model Jury Instructions: Securities Litigation*, at § 4.02[4] (modified).

[42] *Federal Jury Practice and Instructions*, § 162.232 (5th ed. 2000) (modified); American Bar Association, *Model Jury Instructions: Securities Litigation*, at § 4.02[4] (modified).

Rather, recklessness must, in fact, approximate an actual intent by the Defendant to aid in a fraud that is being perpetrated.[43]

24.    Proof of violations of Generally Accepted Accounting Principles, or publication of inaccurate accounting figures, without proof of fraudulent intent, is insufficient to prove "recklessness."[44]  And a Defendant's access to particular information, without more, is not enough to show that the Defendant had actual knowledge of that information, and thus not sufficient to establish recklessness.[45]  The fact that Veeco and its management did not infer that financial reports for TurboDisc were wrong when they indicated better results for that division cannot be said to be reckless.  Fraud cannot be inferred simply because Veeco might have been more curious or concerned about the activity at TurboDisc.[46]

25.    A corporation can be held to have a particular state of mind with respect to its financial statements only when that state of mind is possessed by a single individual officer of that corporation with responsibility for issuing these statements.  Thus, to establish the scienter of Veeco, it is not enough to establish that a non-officer employee of Veeco acted with the requisite level of intent, particularly if the non-officer Veeco employee has no responsibility for

---

[43] *Chill v. Gen. Elec. Co.*, 101 F.3d 263, 269 (2d Cir. 1996).

[44] *Novak v. Kasaks*, 216 F.3d 300, 309 (2d Cir. 2001); *In re Carter Wallace Sec. Litig.*, 220 F.3d 36, 42 (2d Cir. 2000); *Chill*, 101 F.3d at 270; *In re Citigroup, Inc. Sec. Litig.*, 330 F.Supp.2d 367, 378 (S.D.N.Y. 2004); *In re Federated Department Stores, Inc. Sec. Litig.*, 2004 WL 444559, at *8 (S.D.N.Y. Mar. 1, 2004).

[45] *Kinsey v. Cendant Corp.*, 2005 WL 1907678, at *5 (S.D.N.Y. Aug. 10, 2005); *In re Health Mgmt. Sys., Inc. Sec. Litig.*, No. 97 Civ. 1865(HB), 1998 WL 283286, at *6 (S.D.N.Y. June 1, 1998); *Glickman v. Alexander & Alexander Servs.*, No. 93 Civ. 7594(LAP), 1996 WL 88570, at *14 (S.D.N.Y. Feb. 29, 1996); *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1036 (9th Cir. 2002).

[46] *Chill*, 101 F.3d at 270.

preparing consolidated financial statements filed with the SEC. In addition, it is not enough for Plaintiffs to establish that one of Veeco's officers made a false statement that another of Veeco's officers knew to be false. A defendant corporation is deemed to have the requisite scienter for fraud only if the individual corporate officer making the statement has the requisite level of scienter, *i.e.*, knows that the statement is false, or is at least deliberately reckless as to its falsity, at the time that he or she makes the statement.[47]

26.    The third element of Plaintiffs' Section 10(b) claim is justifiable reliance. Plaintiffs must prove by a preponderance of the evidence that they relied upon Defendants' alleged misrepresentations or omissions and that they were justified in doing so. In the case of misrepresentations, Plaintiffs must prove that they in fact relied upon the allegedly false statements. In other words, if you find that Plaintiffs would have engaged in the transaction anyway and that the alleged misrepresentations had no effect upon Plaintiffs' decisions, then there was no reliance and there can be no recovery. In the case of omissions or non-disclosures of material facts, if an omission is proved, then the element of reliance on the part of Plaintiffs may be presumed; that is, the law infers that Plaintiffs would have relied upon the facts that are shown to be material and intentionally withheld. Defendants, however, may rebut this presumption if they are able to prove, by a preponderance of the evidence that, even if the omitted material facts had been disclosed, Plaintiffs' decision as to the transaction would not have been different from what it was. In the case of misrepresentations or omissions, Plaintiffs

---

[47] *In re Apple Computer, Inc.*, 127 Fed. Appx. 296, 303 (9th Cir. 2005); *First Equity Corp. v. Standard & Poor's Corp.*, 690 F.Supp. 256, 260 (S.D.N.Y. 1988); *Kinsey v. Cendant Corp.*, 2004 WL 2591946, at *13 (S.D.N.Y. Nov. 16, 2004) (citing *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 364-66 (5th Cir. 2004), and *Nordstrom, Inc. v. Chubb & Son, Inc.*, 54 F.3d 1424, 1435-36 (9th Cir. 1995)).

must also prove that their reliance on the misrepresentation or omission was justified, that they did not refuse to investigate concerning the circumstances in disregard of a risk known to Plaintiffs, or a risk so obvious that Plaintiffs must be taken to have been aware of it, and so great as to make it highly probable that harm would follow.[48]

27.    Plaintiffs do not have to prove individual reliance where there is an active open market in a security. An "active open market" means that there were a large number of traders, a high level of activity, and frequency of trades, which rapidly reflect new information in price. If you find that Plaintiffs have proven by a preponderance of the evidence that an open, developed, and efficient market for the securities existed and that the investors reasonably relied "on the integrity of the market," there is a presumption that Plaintiffs relied on Defendants' statements and Plaintiffs do not have to prove that individual purchasers of the securities relied on the documents or statements on which Plaintiffs base this suit. The presumption of reliance is rebuttable by Defendants. If Defendants prove by a preponderance of the evidence that Plaintiffs did not rely on the integrity of the market or that the alleged misrepresentations or omissions did not affect the market price of the security, Defendants have rebutted the reliance presumption.[49]

28.    The fourth element of Plaintiffs' Section 10(b) claim is interstate commerce. To find a violation of any of the federal securities laws, you must first find that the means and instrumentalities of interstate commerce were involved. The means and instrumentalities of interstate commerce include the mails, telephone, telegraph, the interstate highway system, and

---

[48] *Federal Jury Practice and Instructions*, § 162.233 (5th ed. 2000) (modified).

[49] *Federal Jury Practice and Instructions*, § 162.234 (5th ed. 2000) (modified).

similar methods of communication and travel from one state to another within the United States. It is not necessary that any material misrepresentation or omission occur while Defendants used the instrumentalities of interstate commerce.  All that is required is that the instrumentalities of interstate commerce were in fact used during some phase of the purchase or sale of the securities. Instruments of interstate commerce need not have been used to convey the material misrepresentation or omission.[50]  As I said, the remaining element, whether Plaintiffs suffered damages as a direct and proximate result of Defendants conduct, will be addressed at a later time, if necessary.

29.    I have just described to you what Plaintiffs must establish with respect to each Defendant to establish their claims that the Defendant committed a direct or primary violation of Rule 10b-5 of the securities laws.  With respect to the Individual Defendants – that is Messrs. Braun, Rein, and Kiernan – Plaintiffs have also made a "secondary violation" claim.  That is, Plaintiffs claim that even if the Individual Defendants were not primary violators of the federal securities laws, each of them may be secondarily liable because they controlled the primary violator.  I will now explain to you what it means for a defendant to "control" a primary violator of the securities laws.[51]

30.    Section 20(a) of the Securities Exchange Act of 1934 provides that "[e]very person who, directly or indirectly, controls any person liable under any provision of this chapter or any rule or regulation thereunder shall also be liable jointly and severally with and to the same

---

[50] American Bar Association, *Model Jury Instructions: Securities Litigation*, at § 1.09.

[51] American Bar Association, *Model Jury Instructions: Securities Litigation*, at § 4.03 (modified).

extent as such controlled person to any person to whom such controlled person is liable."

Section 20(a) broadly defines control as the "ability to exert influence, directly or indirectly over

the decision making process of another person." "Culpable participation" in the violation is

required for control-person liability, and Plaintiffs must prove (in the case of inaction) that

inaction "was deliberate and done intentionally to further the fraud."[52]

      31.    Section 20(a) expressly provides a defense if the controlling person acted in good

faith and did not directly or indirectly induce the act or acts constituting the violation or cause of

action. The good-faith defense under Section 20(a) depends on the circumstances of the case.[53]

If you conclude that Plaintiffs have proved a primary violation, and that any of the Individual

Defendants was controlled the primary violator, then you must decide whether or not that

Defendant acted in good faith and did not directly or indirectly induce the acts of the primary

violator. Plaintiffs have the burden of proving both the primary violation and that the Defendant

is a controlling person; the Defendant has the burden of proving good faith.[54]

      32.    Upon retiring to the jury room, you will select one of you to act as your

foreperson. The foreperson will preside over your deliberations, and will be your spokesperson

in Court. Forms of special verdict have been prepared for your convenience with respect to each

of Plaintiffs' claims against each Defendant. You will take these forms to the jury room. You

will note that each of the interrogatories or questions calls for a "Yes" or "No" answer to four

---

[52] American Bar Association, *Model Jury Instructions: Securities Litigation*, at § 4.03[1] (modified).

[53] American Bar Association, *Model Jury Instructions: Securities Litigation*, at § 4.03[2].

[54] *Federal Jury Practice and Instructions* § 162.270 (5th ed. 2000) (modified).

questions. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided opposite each question. As you will note from the wording of the questions, if at any point you answer "No" to any question, that form will be complete. Thus, it will not be necessary to consider or answer questions (2) through (4) if your answer to question (1) is "No." Nor will it be necessary for you to consider or answer questions (3) and (4), if your answer to question (2) is "No." On the other hand, if your answer to question (1) is "Yes," then you must proceed to answer question (2), and so on. The foreperson will date and sign the special verdict as so completed.[55] Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.[56]

33.    Your verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous. It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow

---

[55] *Federal Jury Practice and Instructions* § 106.05 (5th ed. 2000) (modified).

[56] *Federal Jury Practice and Instructions* § 106.07 (5th ed. 2000) (modified).

jurors, or for the mere purpose of returning a verdict. Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence of the case.[57]

## III.    DAMAGES (INCLUDING LOSS CAUSATION)

1.    Members of the jury, now that you have heard all the evidence relating to whether and to what extent Plaintiffs suffered damages, and whether any such damages were caused by Defendants' conduct, it is my duty to instruct you on the law which applies to your determination of loss causation and damages. Again, a copy of these instructions will be available in the jury room for your deliberations. As before, you must follow the law as I give it to you whether you agree with it or not, and you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to whether you should find loss causation, what amount of damages you should award – or indeed, whether you should award any damages. These matters are up to you.[58]

2.    You should consider and decide this case as a dispute between persons of equal standing in the community, and of equal value in your eyes. A corporation such as Veeco is

---

[57] *Federal Jury Practice and Instructions* § 106.01 (5th ed. 2000).

[58] *Federal Jury Practice and Instructions*, § 103.01 (5th ed. 2000) (modified) (quoting Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 3.1 (1997)).

entitled to the same fair trial as a private individual. All persons, including corporations, stand equal before the law, and are to be treated as equals.[59]

3.      Although there is more than one Defendant in this action, it does not follow from that fact alone that if you should find loss causation and damages against one Defendant, you should do so against all Defendants. Each Defendant is entitled to a fair consideration of the evidence. None of the Defendants is to be prejudiced should you award damages against any of the other Defendants. Unless otherwise stated, all instructions I give you govern the case as to each Defendant.[60]

4.      You are to determine the issues of loss causation and damages solely on the evidence received at the trial. That includes: (i) the sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness; (ii) the exhibits which have been received into evidence; and (iii) any facts to which all the lawyers have agreed or stipulated.[61] The following are not evidence: (i) arguments, statements, questions, and objections by the lawyers; (ii) testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard; and (iii) anything you may have seen or heard when the court was not in session.[62]

-----

[59] *Federal Jury Practice and Instructions*, § 103.12 (5th ed. 2000) (modified).

[60] *Federal Jury Practice and Instructions*, § 103.14 (5th ed. 2000) (modified).

[61] *Federal Jury Practice and Instructions*, § 103.30 (5th ed. 2000) (modified) (quoting Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 3.1 (1997)).

[62] *Id.* (modified).

5.      Certain charts and summaries have been shown to you in order to help explain Plaintiffs' and Defendants' theories of loss causation and damages.  These charts and summaries are not themselves evidence or proof of any facts, but have instead been used only as a matter of convenience by the lawyers for the parties.  If any chart or summary that has been shown to you does not correctly reflect facts or figures shown by the evidence in the case, you should disregard it entirely in your deliberations.[63]

6.      You have heard from "expert" witnesses on behalf of both Plaintiffs and Defendants regarding loss causation and damages.  As before, you should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. Merely because an expert witness has expressed an opinion does not mean that you must accept that opinion.  In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying or from evidence that he or she testifies regularly as an expert witness and his or her income from such testimony represents a significant portion of his or her income.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.[64]  In addition, if you believe either Plaintiffs' or Defendants' expert witness on loss causation and damages has been discredited or

---

[63] *Federal Jury Practice and Instructions*, § 104.50 (5th ed. 2000) (modified).

[64] *Federal Jury Practice and Instructions*, § 104.40 (5th ed. 2000) (modified) (quoting Pattern Jury Instructions of the District Judges Association of the Fifth Circuit, Civil Cases, Instruction No. 2.19 (1999)).

impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness' present testimony, you may give the testimony of that witness such credibility, if any, you think it deserves.[65]

7.    I will now instruct you on the law regarding loss causation under Section 10(b). To establish loss causation, Plaintiffs must prove by a preponderance of the evidence that the injury they allege was the direct and reasonably foreseeable result of the Defendants' alleged misrepresentations or omissions.  Plaintiffs must show that the alleged misrepresentations or omissions played a substantial part in bringing about or actually causing their alleged injury. Causation has two distinct elements, "transaction causation" and "loss causation."  Plaintiffs must prove both elements by a preponderance of evidence in order to sustain their burden of proof.  Transaction causation requires proof that the Defendants' alleged misstatements or omissions were a substantial contributing factor in the Plaintiffs' purchase of the securities.  Loss causation requires the additional proof that the alleged misstatements or omissions were a substantial contributing factor in the security's decline in value.[66]  If this decline in value is caused by something other than the alleged misstatements or omissions, such as some market condition or fluctuation independent of the Defendants' conduct, then loss causation has not been

---

[65] *Federal Jury Practice and Instructions*, § 105.04 (modified) (quoting Eleventh Circuit Pattern Jury Instructions, Civil Cases, Basic Instruction No. 4.1 (2000)).

[66] *Federal Jury Practice and Instructions* § 162.300 (5th ed. 2000) (modified); American Bar Association, *Model Jury Instructions: Securities Litigation*, at § 4.02[6][a], [b] (modified).

established.[67]  And where there is no decline in value relative to what a plaintiff paid for the

stock, there is no loss causation.[68]

      8.      Artificial inflation of a security's purchase price, without more, is insufficient to

establish loss causation.[69]  Plaintiffs must establish loss causation for each alleged misstatement

or omission,[70] and must do so by directly linking a "corrective disclosure" – or revelation of the

truth – regarding that alleged misstatement or omission to a decline in the value of the security.[71]

Only a price decline which occurs shortly after a public corrective disclosure of a misstatement

or omission can be considered to have been caused by that misstatement or omission.[72]  Thus, a

drop in Veeco's stock price which occurred prior to any corrective disclosure of the alleged

misstatements or omissions cannot have been caused by these alleged misstatements or

omissions, and thus cannot satisfy the loss causation standard.[73]

---

[67] *Emergent Capital Inv. Mgmt., LLC v. Stonepath Group, Inc.*, 343 F.3d 189, 197 (2d Cir. 2003).

[68] *Van Wagoner Funds Sec. Litig.*, 382 F.Supp.2d 1173, 1183 (N.D. Cal. 2004).

[69] *Dura Pharmaceuticals, Inc. v. Broudo*, 125 S.Ct. 1627, 1633 (2005); *Emergent Capital*, 343 F.3d at 196-97; *In re Warnaco Group, Inc. Sec. Litig.*, 388 F. Supp. 2d 307, 316 n.4 (S.D.N.Y. 2005); 15 U.S.C. §§ 78u-4(b)(1), (4).

[70] *In re Northern Telecom Ltd. Sec. Litig.*, 116 F.Supp.2d 446, 452-53, 457 (S.D.N.Y. 2000); *Davidoff v. Farina*, 2005 WL 2030501, at *15 (S.D.N.Y. Aug. 22, 2005); *Robbins v. Koger Props., Inc.*, 116 F.3d 1441, 1447-48 (11th Cir. 1997).

[71] *Spencer Trask Software and Information Servs., LLC v. RPost Int'l Ltd.*, 383 F.Supp.2d 428, 456 (S.D.N.Y. 2003); *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 175 (2d Cir. 2005).

[72] *United States v. Olis*, 429 F.3d 540, 546, 548 (5th Cir. 2005).

[73] *In re Warnaco Group*, 388 F. Supp. 2d at 317; *Robbins*, 116 F.3d at 1448-49; *Schleicher v. Wendt*, 2005 WL 1656871, at *4 (S.D. Ind. July 14, 2005).

9.     You will hear evidence concerning the fact that Defendants Braun and Rein submitted signed certifications in supports of quarterly financial statements that Veeco filed with the SEC. In those certifications, Defendants Rein and Braun made various statements concerning Veeco's procedures with respect to financial reporting. I instruct you as a matter of law that there was no curative disclosure with respect to the statements in those certifications. Thus, a drop in Veeco's stock price cannot have been caused by the correction of any misstatements or omissions in those certifications, *i.e.*, it cannot have resulted in loss causation.[74]

10.     I will now instruct you as to the law on the proper measure of damages under Section 10(b). First, it is Plaintiffs' burden to prove by a preponderance of the evidence that monetary injury resulted from Defendants' materially misleading misstatements.[75]  Damages may not be claimed for more than the decline in the value of the security that occurred when the public learned of the corrective disclosure.[76]

11.     Second, Plaintiffs can only recover for losses that naturally and directly followed from unlawful conduct by the Defendants. Thus, at the point where a reasonable person would have realized that he or she was suffering losses as a result of Defendants' conduct, Plaintiffs are required to take reasonable steps to limit their losses and protect themselves from further injury. Plaintiffs cannot recover for losses suffered after the point at which Plaintiffs could have

---

[74] *Dura Pharmaceuticals v. Broudo*, 544 U.S. 336 (2005); *In re Impax Labs., Inc. Sec. Litig.*, 2007 U.S. Dist. LEXIS 723 (N.D. Cal. Jan. 3, 2007).

[75] *Federal Jury Practice and Instructions* § 162.320 (5th ed. 2000) (modified); 15 U.S.C.A. §§ 78t(b), 78u-4(e).

[76] *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 175 (2d Cir. 2005).

prevented those losses.  In this case, you must determine whether the performance of Plaintiffs'

accounts or any of the communications from Veeco or any of the Defendants should have alerted

a reasonable person in Plaintiffs' position to the untruthfulness of representations previously

made to Plaintiffs.  The point at which Plaintiffs were alerted or should have realized what was

occurring is the point at which you should cut off any further damages to Plaintiffs.[77]

      12.     Finally, only actual damages are recoverable under the Securities Exchange Act.

These damages are determined as follows.  First, if a plaintiff has not sold its security, then the

plaintiff has not sustained any damages.[78]

      Second, with respect to any plaintiff which sold its security after the 90-day period

beginning on the date on which the information correcting the alleged misstatement or omission

was disseminated to the market:  If the plaintiff sold the security at a price lower than the price of

the security on the date of purchase, then the plaintiff's damages are limited to the difference

between the price of the security on the date of purchase less the average trading price of the

security during the 90-day period.  If the plaintiff sold the security at a price higher than or equal

to the price of the security on the date of purchase, then the plaintiff has not sustained any

damages.[79]

---

[77] *Federal Jury Practice and Instructions* § 162.323 (5th ed. 2000).

[78] *Commercial Union Assurance Co. PLC v. Milken*, 17 F.3d 608, 611, 614-15 (2d Cir. 1994);
*Malin v. XL Capital Ltd.*, 2005 WL 214089, at *4 (D. Conn. Sept. 1, 2005).

[79] *Carlisle Ventures, Inc. v. Banco Espanol de Credito*, 176 F.3d 601, 607 (2d Cir. 1999);
*Barrows v. Forest Labs., Inc.*, 742 F.2d 54, 56, 60 (2d Cir. 1984); *Merrill Lynch & Co. v.
Allegheny Energy, Inc.*, 2005 U.S. Dist. LEXIS 14216, at *21 (July 18, 2005); *In re Salomon
Smith Barney Mutual Fund Fees Litig.*, 441 F.Supp.2d 579, 590-91 (S.D.N.Y. 2006).

Third, with respect to any plaintiff which sold its security during the 90-day period beginning on the date on which the information correcting the alleged misstatement or omission was disseminated to the market: If the plaintiff sold the security at a price lower than the price of the security on the date of purchase, then the plaintiff's damages are limited to the difference between the price of the security on the date of purchase less the average trading price of the security during the 90-day period. If the plaintiff sold the security at a price higher than or equal to the price of the security on the date of purchase, then the plaintiff has not sustained any damages.[80]

In making the above determinations, the average trading price of the security is calculated by taking the average of the daily trading price at the close of the market on each day during the relevant period. No plaintiff may recover a total amount in excess of his or her actual damages.[81]

13. A special verdict form has been prepared for your convenience with respect to your determination of loss causation and damages with respect to Plaintiffs' claims against each of the Defendants. You will take this form to the jury room. Your foreperson will write the unanimous answers of the jury in the spaces provided opposite each question. There are three questions. The first question calls for a "Yes" or "No" answer as to whether Plaintiffs have proved, by a preponderance of the evidence, that they were damaged as a direct and proximate result of the

---

[80] *Carlisle Ventures, Inc. v. Banco Espanol de Credito*, 176 F.3d 601, 607 (2d Cir. 1999); *Barrows v. Forest Labs., Inc.*, 742 F.2d 54, 56, 60 (2d Cir. 1984); *Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 2005 U.S. Dist. LEXIS 14216, at *21 (July 18, 2005); *In re Salomon Smith Barney Mutual Fund Fees Litig.*, 441 F.Supp.2d 579, 590-91 (S.D.N.Y. 2006).

[81] *Federal Jury Practice and Instructions* § 162.321 (5th ed. 2000) (modified); 15 U.S.C.A. §§ 78u-4(e), 78bb(a).

conduct of one or more of the Defendants in violation of Section 10(b). If you answer "No" to this question, then the foreperson should date and sign the verdict form. If you answer "Yes" to the first question, you must then proceed to the second question, which asks you to state the amount of such damages. If you answer "Yes" to the first question, you must also answer the third question, a three-part question which asks you to determine, for each Defendant: (i) whether that Defendant violated the securities laws; (ii) the percentage of fault that Defendant bears for Plaintiffs' damages, and (iii) whether that Defendant knowingly violated the securities laws.[82] As to the second part of the last question, if you believe a party bears no responsibility for Plaintiffs' damages, you should enter "0%" in the blank to the right of the name of the party. In addition, the numbers in the blanks to the right of the parties need not add up to 100%, but they may not, in any event, exceed 100%. As to the third part of the last question, by "knowingly violated," I do not mean simply that the Defendant was reckless. This is a higher standard, and is not shown unless you find that the party made an untrue statement of material fact with "actual knowledge" that it was false at the time it was made, or that the party made a materially misleading omission with "actual knowledge" at the time that, as a result of the omission, one or more of the statements the party did make was rendered false.[83] The foreperson will date and sign the special verdict form as so completed.[84] Nothing said in these instructions and nothing in the special verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what amount of damages I

---

[82] *See* 15 U.S.C.A. § 78u-4(f).

[83] *See* 15 U.S.C.A. § 78u-4(f)(10)(A), (B).

[84] *Federal Jury Practice and Instructions* § 106.05 (5th ed. 2000) (modified).

think you should find, or whether you should find any damages at all, or whom you should hold responsible for these damages. The determination of damages is your sole and exclusive duty and responsibility.[85]

      14.     Your verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous. It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict. Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence of the case.[86]

---

[85] *Federal Jury Practice and Instructions* § 106.07 (5th ed. 2000) (modified).

[86] *Federal Jury Practice and Instructions* § 106.01 (5th ed. 2000) (modified).

## <ins>Special Verdict Form—Liability of Individual Defendants (Part II)</ins>

Do you find from a preponderance of the evidence that:

1.      With respect to the securities transactions involved in this case, Defendant Veeco Instruments Inc. made an untrue statement of a material fact or failed to state a material fact that was necessary to prevent the statements that were made from being misleading under the circumstances?

        Answer Yes or No _____.  If "No," do not answer the following questions.

1.      Veeco Instruments Inc. acted knowingly?

        Answer Yes or No _____.  If "No," do not answer the following questions.

2.      Lead Plaintiff justifiably relied upon Veeco Instruments Inc.'s alleged misrepresentation or omission?

        Answer Yes or No _____.  If "No," do not answer the following questions.

3.      Veeco Instruments Inc. used an instrumentality of interstate commerce in connection with the purchase or sale of securities to Lead Plaintiff?

Answer Yes or No _____.  If "No," do not answer the following question.

4.      Lead Plaintiff suffered monetary damages as a direct and proximate result of Veeco Instruments Inc.'s conduct?

        Answer Yes or No _____.


_____

JURY FOREPERSON

Signed on this ___ day of ____ 2007

36

## <u>Special Verdict Form—Liability of Individual Defendants (Part II)</u>

Do you find from a preponderance of the evidence that:

1.      With respect to the securities transactions involved in this case, Defendant Edward H. Braun made an untrue statement of a material fact or failed to state a material fact that was necessary to prevent the statements that were made from being misleading under the circumstances?

        Answer Yes or No _____. If "No," do not answer the following questions.

2.      Mr. Braun acted knowingly?

        Answer Yes or No _____. If "No," do not answer the following questions.

3.      Lead Plaintiff justifiably relied upon Mr. Braun's alleged misrepresentation or omission?

        Answer Yes or No _____. If "No," do not answer the following questions.

4.      Mr. Braun used an instrumentality of interstate commerce in connection with the purchase or sale of securities to Lead Plaintiff?

        Answer Yes or No _____. If "No," do not answer the following questions.

5.      Lead Plaintiff suffered monetary damages as a direct and proximate result of Mr. Braun's conduct?

        Answer Yes or No _____. If "No," do not answer the following question.

6.      Mr. Braun is a controlling person?

        Answer Yes or No _____. If "No," do not answer the following questions.

7.      a.  Mr. Braun culpably participated in violating the securities laws?

        Answer Yes or No _____.

b. Mr. Braun's inaction to prevent a violation of the securities laws was deliberate and done intentionally to further fraud?

Answer Yes or No _____.

If "No" to both (a) and (b), do not answer the following question.

8.    Mr. Braun acted in good faith?

Answer Yes or No _____.

_____

JURY FOREPERSON

Signed on this ___ day of ____ 2007

**<u>Special Verdict Form—Liability of Individual Defendants (Part II)</u>**

Do you find from a preponderance of the evidence that:

1.      With respect to the securities transactions involved in this case, Defendant John F. Rein made an untrue statement of a material fact or failed to state a material fact that was necessary to prevent the statements that were made from being misleading under the circumstances?

     Answer Yes or No _____.  If "No," do not answer the following questions.

2.      Mr. Rein acted knowingly?

     Answer Yes or No _____.  If "No," do not answer the following questions.

3.      Lead Plaintiff justifiably relied upon Mr. Rein's alleged misrepresentation or omission?

     Answer Yes or No _____.  If "No," do not answer the following questions.

4.      Mr. Rein used an instrumentality of interstate commerce in connection with the purchase or sale of securities to Lead Plaintiff?

     Answer Yes or No _____.  If "No," do not answer the following questions.

5.      Lead Plaintiff suffered monetary damages as a direct and proximate result of Mr. Rein's conduct?

     Answer Yes or No _____.  If "No," do not answer the following question.

6.      Mr. Rein is a controlling person?

     Answer Yes or No _____.  If "No," do not answer the following questions.

7.      a.  Mr. Rein culpably participated in violating the securities laws?

     Answer Yes or No _____.

b. Mr. Rein's inaction to prevent a violation of the securities laws was deliberate and done intentionally to further fraud?

Answer Yes or No _____.

If "No" to both (a) and (b), do not answer the following question.

8.    Mr. Rein acted in good faith?

Answer Yes or No _____.


_____

JURY FOREPERSON

Signed on this ___ day of ____ 2007

**<u>Special Verdict Form—Liability of Individual Defendants (Part II)</u>**

Do you find from a preponderance of the evidence that:

1.　　With respect to the securities transactions involved in this case, Defendant John P. Kiernan made an untrue statement of a material fact or failed to state a material fact that was necessary to prevent the statements that were made from being misleading under the circumstances?

　　　　　Answer Yes or No _____. If "No," do not answer the following questions.

2.　　Mr. Kiernan acted knowingly?

　　　　　Answer Yes or No _____. If "No," do not answer the following questions.

3.　　Lead Plaintiff justifiably relied upon Mr. Kiernan's alleged misrepresentation or omission?

　　　　　Answer Yes or No _____. If "No," do not answer the following questions.

4.　　Mr. Kiernan used an instrumentality of interstate commerce in connection with the purchase or sale of securities to Lead Plaintiff?

　　　　　Answer Yes or No _____. If "No," do not answer the following questions.

5.　　Lead Plaintiff suffered monetary damages as a direct and proximate result of Mr. Kiernan's conduct?

　　　Answer Yes or No _____. If "No," do not answer the following question.

6.　　Mr. Kiernan is a controlling person?

　　　　　Answer Yes or No _____. If "No," do not answer the following questions.

7.　　c. Mr. Kiernan culpably participated in violating the securities laws?

　　　Answer Yes or No _____.

41

b. Mr. Kiernan's inaction to prevent a violation of the securities laws was deliberate and done intentionally to further fraud?

Answer Yes or No _____.

If "No" to both (a) and (b), do not answer the following question.

8.    Mr. Kiernan acted in good faith?

Answer Yes or No _____.  If "No," do not answer the following questions.


_____

JURY FOREPERSON

Signed on this ____ day of _____ 2007

42

**Special Verdict Form – Damages & Loss Causation (Part III)**

If you found in the above verdict forms that the Lead Plaintiff is entitled to an award of damages, please complete the following analysis regarding each Defendant. Please note that you may only assign a percentage of fault to a Defendant if you concluded above that this particular Defendant is liable to Plaintiff for damages.

1.    Do you find from a preponderance of the evidence that Lead Plaintiff has proved it was damaged as a direct and proximate result of the conduct of either Veeco Instruments Inc., Edward H. Braun, John F. Rein, or John P. Kiernan?

Answer Yes or No _____. If "No," do not answer the following questions.

2.    What is the amount of monetary damages suffered by Lead Plaintiff?

$_____.

3.    Please answer the following with respect to each of the Defendants:

    a.  Veeco Instruments Inc.

i.    Did Veeco Instruments Inc. violate the securities laws?

Answer Yes or No _____. If "No," do not answer the following questions.

ii.  Did Veeco Instruments Inc. knowingly violate the securities laws?

Answer Yes or No _____. If "No," do not answer the following question.

iii. What percentage of Plaintiff's damages were caused by Veeco Instruments Inc.?

_____%

    b.  Edward H. Braun

i.    Did Mr. Braun violate the securities laws?

Answer Yes or No _____. If "No," do not answer the following questions.

ii.  Did Mr. Braun knowingly violate the securities laws?

Answer Yes or No _____. If "No," do not answer the following question.

iii. What percentage of Plaintiff's damages were caused by Mr. Braun? ____%

     c.  John F. Rein

i.     Did Mr. Rein violate the securities laws?

Answer Yes or No _____. If "No," do not answer the following questions.

ii.  Did Mr. Rein knowingly violate the securities laws?

Answer Yes or No _____. If "No," do not answer the following question.

iii. What percentage of Plaintiff's damages were caused by Mr. Rein? ____%

     d.  John P. Kiernan

j.     Did Mr. Kiernan violate the securities laws?

Answer Yes or No _____. If "No," do not answer the following questions.

ii.  Did Mr. Kiernan knowingly violate the securities laws?

Answer Yes or No _____. If "No," do not answer the following question.

iii. What percentage of Plaintiff's damages were caused by Mr. Kiernan? ____%


_____

JURY FOREPERSON

Signed on this ___ day of ____ 2007

Dated:   New York, New York
            June 6, 2007

                              Respectfully submitted,


                              GIBSON, DUNN & CRUTCHER LLP


                              By:_____
                                  John A. Herfort (JH-1460)
                                Robert F. Serio (RS-2479)
                                J. Ross Wallin (JW-3911)

                              200 Park Avenue, 47th Floor
                              New York, New York  10166-0193
                              Telephone: (212) 351-4000

                              *Attorneys for Defendants*

100227887_8.DOC

45