UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------- x
In re VEECO INSTRUMENTS, INC.    :      MDL No.: 7:05-md-01695-CM
    SECURITIES LITIGATION    :
----------------------------------------------------- x
----------------------------------------------------- x
THIS DOCUMENT RELATES TO:    :
ALL ACTIONS    :
-----------------------------------------------------x

**LEAD PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE
ARGUMENTS RELATING TO ALLEGATIONS
FOR WHICH PLAINTIFFS HAVE ADDUCED NO EVIDENCE**

## I.    INTRODUCTION

Defendants, thwarted by the Court's May 30, 2007 instruction that they should not file a

motion for summary judgment, endorsed on Defendants May 29, 2007 letter-request proposing a

motion for summary judgment, have repackaged most of the elements of that proposed summary

judgment motion as a purported motion *in limine*. Although, as Black's Law Dictionary states, a

motion *in limine* is a "pretrial request that certain inadmissible evidence not be referred to or

offered at trial,"[1] Defendants' motion "to Preclude Argument Relating to Allegations for Which

Plaintiffs Have Adduced No Evidence" is no such thing. Rather, Defendants argue that Plaintiffs

should be precluded from "asking questions, or suggesting anything in anyway, at trial relating to

certain allegations of their Consolidated Amended Class Action Complaint" which is contrary to

evidence they present in support of their current motion, and, which according to Defendants, is

not supported by evidence "unearthed during fact discovery in this case." (Defs. Mem. at 2).

Thus, what Defendants actually seek is summary judgment with respect to certain facts

---

[1] Black's Law Dictionary (Seventh Ed. 1999) at 1033.

alleged in Plaintiff's Complaint based on Defendants' assertion that there is no support in the

record for those facts, and that the record contains some contrary evidence. Moreover, the facts

with respect to which Defendants seek summary judgment are the very facts on which

Defendants based their May 29, 2007 request to the Court for guidance regarding whether the

Court would consider a motion for summary judgment – a request which was denied by the Court

in a May 30, 2007 endorsement which stated: "<u>NO</u> - I will simply deny..."

Accordingly, Defendants' present motion is not a motion *in limine* at all because it does

not seek the exclusion of evidence on the grounds that it is inadmissible. Instead, it is a disguised

motion for summary judgment seeking summary judgment with respect to *facts* alleged in

Plaintiff's Complaint, rather than to a claim or claims, in violation of the specific directive of the

Court. It is certainly not the sort of motion intended by Rule 56 since Rule 56 of the Federal

Rules of Civil Procedure was not intended to permit a Defendant to file pretrial motions

addressing whether every sentence, or indeed every clause in every sentence, of a complaint in a

securities fraud action can be the subject of a motion for partial summary judgment.

## II.    BACKGROUND FACTS

As stated in the Declaration of Donald S. Richards, the Director of Investigations for

Berger & Montague, Lead Counsel for Plaintiffs in this action, and a former Special Agent of the

Federal Bureau of Investigations (*See* Exhibit A hereto), Mr. Richards had several conversations

with Bruce J. Huff - - the former Controller of Defendant Veeco Instruments, Inc.'s TurboDisc

business who made all the accounting entries that gave rise to the restatement of Veeco's

financial statements for the first three quarters of 2004 - - prior to Plaintiff's filing of the

Amended Consolidated Complaint. (Richards Decl. ¶5)  Mr. Richards took contemporaneous

notes of his conversations with Mr. Huff, and transcribed and provided written memoranda and oral reports concerning those conversations to Plaintiffs' counsel. (Richard Decl. ¶5)

As stated in Mr. Richards' Declaration, Plaintiff's Complaint correctly reflects the substance of what Mr. Huff directly said to Mr. Richards. Moreover, in almost all, if not all cases, Mr. Huff made the statements reflected in the allegations in the Complaint during telephone conversations in which at least one other person besides Mr. Richards participated. Certain of those statements were made on multiple occasions in multiple telephone conversations including conversations in which as many as three other persons, in addition to Mr. Richards and Mr. Huff participated. (Richards Decl. ¶7)

Among the information provided to Mr. Richards by Mr. Huff was (a) the information attributed to CW3 in paragraphs 59 and 60 of the Complaint relating to recognition of revenue on transactions with the Sanan Group in the first, second and third quarters of 2004; (b) the information attributed to CW3 in paragraphs 75-77 of the Complaint concerning writedowns of worthless inventory; and (c) the information attributed to CW3 in paragraph 71 of the Complaint, which includes the information that Defendants Braun and Rein refused to permit Veeco's financial statements to reflect charges to income to fairly reflect accruals for warranty losses and that "[w]hen CW3 prepared a journal entry to properly increase the warranty accrual by $250,000, CW3 was instructed by Defendant Kiernan at the direction of Defendant Rein to reverse the accrual." (Richards Decl. ¶8)

Defendants present the deposition testimony of Mr. Huff from his deposition taken on December 20, 2006 during which he testified that the information reflected in the above-

mentioned allegations in the Complaint was incorrect.[2]

However, Defendants themselves have presented documents in connection with motion which evidences Veeco's recognition of revenue from its transactions with Sanan in the third quarter of 2004 (*See* Halter Decl. Ex. B-E); a Veeco document evidencing the fact that $334,000 of the restatement of Veeco's financial statements for the first three quarters of 2004 consisted of a Sanan billing adjustment (*See* Halter Decl. Ex. I at 8); and some other miscellaneous materials discussing irrelevant matters as "weak industry-wide capital equipment conditions."

## III.    ARGUMENT

As Defendants are aware, in addition to the fact that the very document presented by them in support of their motion evidences the fact that a billing adjustment relating to Sanan transactions accounted for $340,000 of the restatement of Veeco's financial statements, another document demonstrates that the underaccrual of a Sanan commission accounted for an additional $180,000 of those restatements. (*See* Exhibit B).   As stated above, the fact that Defendants have presented evidence contrary to certain allegations of the Complaint is not a basis for a motion *in limine*.  It is no grounds for the exclusion of evidence that evidence to the contrary exists.  The fact that Mr. Huff stated during his deposition that certain facts alleged in the Complaint are incorrect (as stated in the Declaration of Donald S. Richards,  Mr. Huff made the very statements appearing in the Complaint  to Mr. Richards and others) cannot preclude Plaintiff from questioning Mr. Huff on the subject of those allegations at trial.  No one can be certain before trial which of the two versions of the facts Mr. Huff will tell at trial.  Plaintiff cannot be precluded from questioning him on the subjects of those facts simply because Defendants prefer

---

[2] *See* Exhibit A to the Declaration of Jennifer C. Halter (Halter Decl.)

his deposition testimony to the version of the facts that Mr. Huff provided to Mr. Richards and others.

As for Defendants' further assertion that there is no other evidence in the record supporting the facts addressed by Defendants' motion, Plaintiff declines Defendants' invitation to engage in a presentation of evidence in defense against a summary judgment motion which was specifically forbidden by the Court's May 30, 2007 endorsement of Defendants' May 29, 2007 request for leave to file a summary judgment motion.

The Court cannot decide whether Mr. Huff was telling the truth when he spoke to Mr. Richards or when he testified at his deposition taken by Defendants. Only the jury can do that, and must be given the opportunity to do so after Mr. Huff has been questioned at trial about his two versions of the facts addressed by Defendants' motion. None of the cases cited by Defendants provides any basis for a ruling based on a determination by the Court that one version rather than another version of Mr. Huff's account of the facts was correct.

## IV.    CONCLUSION

For reasons set forth above, Defendants' motion *in limine* to preclude argument relating to allegations for which Plaintiffs have adduced no evidence should be denied.

Dated: June 13, 2007

BERGER & MONTAGUE, P.C.

By:  _____

Sherrie R. Savett
Carole A. Broderick
Arthur Stock
Phyllis M. Parker
Jeffrey L. Osterwise
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4674

*Lead Counsel for Lead Plaintiff and the
Class*

416706

-6-